Andres Ortiz, Esq.
Andres Ortiz Law
One World Trade Center, 8th Floor
Long Beach, CA 90831
PH: 213-298-1078
andres.ortiz@andresortizlaw.com

Attorney for the Defendant/Petitioner,

Juan Torres Valencia

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN TORRES VALENCIA,<br><br>　　　　　　　　　Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　　　　Respondent. | Civil Case No 3:17-cv-02397-LAB-JLB<br><br>Criminal Case No. 11-CR-5171-LAB<br><br>**NOTICE OF DEFENDANT / PETITIONER'S RESPONSE TO ORDER TO SHOW CAUSE FOR WHY HIS PETITION FOR WRIT OF CORAM NOBIS SHOULD NOT BE SUMMARILY DISMISSED; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF.** |

**NOTICE OF RESPONSE**

The Petitioner/Defendant, Juan Torres-Valencia files this notice of response and response to the court's Order to Show Case: Re: Summary Denial of Petition. As an initial note, there appears to be an error in the recitation of the facts of this case. Undoubtedly, this affected this court's analysis. First, this court stated that the writ was filed "over seven and a half years" after pleading guilty to the offense. *Torres-Valencia v. US*, No 3:17-cv-02397-LAB-JLB (ECF: 6, at 1). However, the Petitioner pled on April 19, 2012. Thus, the Petitioner did not wait seven and a half years to file the writ. Moreover, Petitioner filed an explanation of his reasons for not filing sooner which were contained in his Memorandum of Points and Authorities. *Id.* (ECF 4, at 10-11). Second, the court states that the Petitioner "knew he would be removed" as a result of signing the stipulated order of removal provision contained in the plea agreement. *Id.* (ECF 6, at 2). This is untrue; nothing in the stipulated order of removal provision *mandates* that he will be removed. *See Torres-Valencia v. US*, No. 11-cr-5171-LAB-1 (ECF 15, at 9:25-10:5). To the extent the court is soliciting a response to the question of whether the stipulated order of removal provision operates as a waiver of the writ, case law confirms it does not.

For these reasons, the court should not summarily dismiss the action.

Date: January 29, 2018

Respectfully submitted,
Andres Ortiz Law

  /s/ Andres Ortiz
Andres Ortiz, Esq.
Attorney for the Defendant/Petitioner

1
Civil Case No. 3:17-cv-02397-LAB-JLB / Criminal Case No. 11-CR-5171-LAB

## MEMORANDUM OF POINTS AND AUTHORITIES

In the matter at bar, this court issued an Order to Show Cause (OSC) why the writ of coram nobis should not be summarily denied.  *Torres-Valencia v. US*, No 3:17-cv-02397-LAB-JLB (ECF: 6).  The Petitioner files this response why the matter should not be summarily denied.

## PROCEDURAL HISTORY

Mr. Torres Valencia was convicted for violating 21 USC § 952, 960 on April 19, 2012.  *Torres-Valencia v. US*, No. 11-cr-5171-LAB-1 (ECF: 28).  He was sentenced to five years' probation.  *Id*.  On August 25, 2017, the Board of Immigration Appeals denied the Petitioner's appeal and he suffered a final order of removal from the agency.  *Torres-Valencia v. US*, No 3:17-cv-02397-LAB-JLB (ECF: 4, at pg. 6).  On November 29, 2017, approximately five and a half years after the plea, the Petitioner filed the petition for writ of coram nobis.  *Id.* (ECF: 1).  On December 4, 2017, the Petitioner filed a memorandum of points and authorities in support of the writ.  *Id.* (ECF: 4).  This court issued an Order to Show Cause (OSC) why the writ of coram nobis should not be summarily denied on January 4, 2018.  *Id.* (ECF: 6).

## ANALYSIS

The Petitioner asserts that this matter should not be summarily dismissed, and to the contrary, it should be granted, or at a minimum given an evidentiary hearing.  This court requested that the Petitioner address two issues: (1) the effect of Mr. Torres-Valencia agreement to the stipulated order of removal provision and (2) the reason he waited five (not seven) years to file the writ of coram nobis.  *Torres-Valencia v. US*, No 3:17-cv-02397-LAB-JLB (ECF: 6, at pg. 2).  While many of these issues have been addressed in the memorandum of points and authorities, the Petitioner will happily summarize them again.

///
///
///

### I. THE STIPULATED ORDER OF REMOVAL PROVISION HAS NO BEARING ON THIS CASE

As an initial point, this court asks the Petitioner to address why he is challenging the validity of the plea, when he "knew he would be removed" as a consequence of the crime. *Torres-Valencia v. US*, No 3:17-cv-02397-LAB-JLB (ECF: 6, at pg. 2). Factually, this is not true. In the Petitioner's declaration, he states that he did not know he would be removed as a result of the crime. Specifically, he stated, "[d]uring the client meeting, Mr. White told me that I *could* be deported if I pled to the current charge. However, the ultimate decision would be made by a judge." *Id.* (ECF: 4-1, at pg. 4, ¶ 12-14 (emphasis retained)). Likewise, nothing in the stipulated order of removal provision *mandates* removal, it operates as a waiver to contest removal. *Torres-Valencia v. US*, No. 11-cr-5171-LAB-1 (ECF: 15 at 9:25-10:5). Thus, the Petitioner did not *know* he would be removed as a result of the plea. Consequently, at this stage in the proceedings, there is enough evidence to establish prima facie eligibility for relief on this ground.

It appears the court's real concern is not that the Petitioner knew he would be removed; the real issue is that Mr. Torres-Valencia the plea that contained a stipulated order of removal provision operates as a bar to collateral attack of the plea. As explained below, the plea was not voluntary, knowing, and intelligent because the Petitioner relied on counsel's misinformation.

Ninth Circuit caselaw holds waivers are not valid when the plea was not voluntary, knowing, and intelligent. By applicable example, the Ninth Circuit held that a knowing and voluntary waiver of a statutory right is enforceable. *US v. Navarro-Botello*, 912 F.2d 318, 321 (9th Cir. 1990). However, the court clarified that:

> The scope of a section 2255 waiver may be subject to potential limitations . . . Additionally, a waiver may be "unenforceable" and may not "categorically foreclose" a defendant from bringing section 2255 proceedings where a petitioner claims ineffective assistance of counsel challenging the voluntariness of his plea. *Washington v. Lampert*, 422 F.3d

864, 871 (9th Cir. 2005); [*US v. Abarca*, 985 F.2d 1012, 1014 (9th Cir. 1993)]; *see also US v. Pruitt*, 32 F.3d 431, 433 (9th Cir. 1994).

*Id.* Thus, when determining whether the waiver is enforceable, the court must "determine what the defendant reasonably understood to be the terms of the agreement when he pleaded guilty," *US v. De la Fuente,* 8 F.3d 1333, 1337 (9th Cir. 1993) (footnote omitted), and then that he voluntarily and knowingly waived his rights as he understood them. *See US v. Charles*, 581 F.3d 927, 932 (9th Cir.2009) (Because defendant "reasonably could have believed that he retained his right to appeal his sentence to the extent that the district court determined he was a career offender," "[defendant] did not waive his right to appeal [that] determination.").

Thus, the question of whether the plea agreement is enforceable turns on the advice of counsel. As Mr. Torres-Valencia discussed in his declaration, he was not told that his plea would result in virtually certain removal from the US. *Torres-Valencia v. US*, No 3:17-cv-02397-LAB-JLB (ECF: 4-1, at pg. 4, ¶ 12-14). Mr. Torres-Valencia's daughter remembers receivng the same advice. *Id. Torres-Valencia v. US*, No 3:17-cv-02397-LAB-JLB (ECF: 4-1, at pg. 11, ¶ 23-28). Upon previous counsel's advice, Ms. McCann wrote a letter to the judge asking the court to spare her father from removal. *Id.* (ECF: 4-1, at pg. 12, ¶ 1-7) *and Torres-Valencia v. US*, No. 11-cr-5171-LAB-1 (ECF: 19). Clearly, the actions by Mr. Torres-Valencia and his family were predicated on the belief that there was a removal case to fight. As discussed at length in the points and authorities, former counsel's advice fell below the objective standard of reasonableness because the attorney should have, after adequate investigation, explained to his client that the plea would result in virtually certain removal. *Torres-Valencia v. US*, No 3:17-cv-02397-LAB-JLB (ECF: 4, at pgs. 12-14). Thus, it is clear the family did not know (1) removal was virtually certain and (2) the Petitioner agreed to not contest removal.

Moreover, to the extent this court's understanding of a stipulated order of removal provision means that the defendant subjectively understood he would be removed, former counsel's advice is even more incorrect. Mr. Torres-Valencia was told before the plea

was taken and Ms. McCann was told after the plea was taken and before sentencing that there was a *possibility* of removal and that they could take steps to convince the court otherwise. If it is the court's position that the Petitioner *knew* he would be removed, then former counsel's error is even more clear because the family wrote letters asking this court to not remove their father.

Additionally, the Petitioner establishes reasonable reliance, notwithstanding the stipulated order of removal provision, on counsel's advice that he and his family could persuade this court to not order their father removed. Surely, the mistaken belief on both of these grounds nullifies any reasonable argument that the advice Mr. Torres-Valencia, or his family, received was constitutionally sufficient. Like explained in the points and authorities, the Petitioner was led to believe that his immigration fate was not sealed by agreeing to plead to the original charges or by agreeing to the stipulated order of removal provision. If the true effects of the charges and stipulated order of removal provision were communicated to the Petitioner and his family, it would be of little use for Ms. McCann to attempt to persuade this court not to order her father removed. Moreover, an attorney who had accurately communicated the impact of the plea would have necessarily explained that (1) this court cannot order a defendant removed and (2) the stipulated order of removal provision would make any pleading for mercy unpersuasive.

Consequently, the Petitioner did not know he would be removed as a result of the plea, despite signing the stipulated order of removal provision.

## II.  THE PETITION IS NOT UNTIMELY

This court requested that the petitioner explain the delay. As an initial note, the court stated the Petitioner waited over seven and a half years to file the writ, this is incorrect. The petition was approximately five and a half years after the plea. Moreover, the Petitioner addressed this element in the points and authorities. *Torres-Valencia v. US*, No 3:17-cv-02397-LAB-JLB (ECF: 4, at 10-11). Specifically, the Petitioner analogized his case to *US v. Kwan*, 407 F.3d 1005 (9th Cir. 2005) *abrogated on other grounds by Padilla v. Kentucky*, 559 U.S. 356 (2010). In *Kwan,* the Ninth Circuit held that the

petitioner had not brought the petition in an untimely fashion merely because it could have been brought at a more prudent time; "[t]he law does not require Kwan to challenge his conviction at the earliest opportunity, it only requires Kwan to have sound reasons for not doing so." *Id* at 1014.

Mr. Torres-Valencia explained that he had not filed sooner because he was pursuing his case before the immigration court and the Board of Immigration Appeals. *Torres-Valencia v. US*, No 3:17-cv-02397-LAB-JLB (ECF: 4, at 11). His appeal was not dismissed, and he did not suffer a final order of removal until August 25, 2017.[1] Thus, Mr. Torres-Valencia should not be penalized for pursuing his procedural rights before the agency. While it may have been prudent to bring the claim earlier, pursuing procedural rights in another venue is no doubt a "sound reason" within the context of *Kwan*. Moreover, the government has not alleged it has been prejudiced in any way by Mr. Torres-Valencia's petition.

## CONCLUSION

For these reasons, the court should not summarily dismiss the action.

Respectfully submitted,
Date: January 29, 2018                    Andres Ortiz Law

                                                                   /s/ Andres Ortiz
                                                        Andres Ortiz, Esq.
                                                        Attorney for the Defendant/Petitioner

---

[1] Thus, Mr. Torres-Valencia was a lawful permanent resident to that date. *See Matter of Lok*, 18 I&N Dec. 101 (BIA 1981), *aff'd, Lok v. INS*, 681 F.2d 107 (2d Cir. 1982).

# CERTIFICATE OF SERVICE

I, Andres Ortiz, the undersigned, say:

I am over the age of eighteen years and not a party to the within action or proceedings; my business address is Andres Ortiz Law One World Trade Center, 8th Fl. Long Beach, CA 90831

On January 29, 2018, I caused to be served the within:

**NOTICE OF DEFENDANT / PETITIONER'S RESPONSE TO ORDER TO SHOW CAUSE FOR WHY HIS PETITION FOR WRIT OF CORAM NOBIS SHOULD NOT BE SUMMARILY DISMISSED; AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

with the Clerk of Court for the United States District Court for the Southern District of California by using the CM/ECF system.

I certify that participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

_____/s/ Andres Ortiz
Andres Ortiz, Esq.