# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JUAN TORRES-VALENCIA,<br><br>Defendant. | Case No.: 11cr5171-LAB-1 and 17cv2397-LAB (JLB)<br><br>**ORDER REQUIRING PETITIONER'S RESPONSE** |

The Court ordered Petitioner Juan Torres-Valencia to show cause why his petition for a writ of *coram nobis* should not be summarily denied, both as untimely and as meritless. He then filed a response to that order. The response, however, is inadequate.

On April 19, 2012, pursuant to a plea agreement, Torres-Valencia pled guilty to importation of marijuana. Over five and a half years later,[1] he filed his petition,

---

[1] As the result of a scrivener's error, the Court's January 4 order gave the delay as seven and a half years. Torres-Valencia's response seizes on this and suggests that a delay of only five and a half years is less serious. But the authority the Court's order cites pointed out that unexplained delays of four years or more warrant denial of the writ. *See United States v. Abramian*, 2014 WL 4702584 at *3–4 (C.D. Cal., Sept. 22, 2014) (citing cases).

1

claiming his plea was involuntary because his attorney did not warn him that as a result of his guilty plea, he might be deported. In his plea agreement, however, Torres-Valencia stipulated to removal. If, as it appears, Torres-Valencia knew in 2012 that he was going to be removed, it is unclear why he waited so long to file a petition. It is also unclear why, in light of his signed consent to removal, he believes he was not warned that he would not be allowed to remain in the United States.

The petition makes clear Torres-Valencia's concern is that he be allowed to remain in the United States; neither removal nor deportation is acceptable to him. His claim, in other words, is based on his argument that he should remain in the United States, and not on any distinction between stipulated removal and deportation.

Torres-Valencia's response points to his own incomplete petition and suggests the Court's questions are answered there. The petition is supported by declarations saying that before Torres-Valencia pled guilty, his lawyer merely advised him that he *could* be removed, not that it was virtually certain he would be. Then he claims that he thought the stipulation to removal meant that he might be removed, not that he would be, and that he would have the right to contest removal before a judge. He blames this misunderstanding on what his lawyer told him earlier. The plea agreement, however, is specific:

> If defendant is not a United States citizen or national, . . . . defendant agrees to an order of removal from the United States entered by Executive Office for Immigration Review or authorized Department of Homeland Security official. . . Defendant further waives any right to appeal, reopen or challenge the removal order.

(Docket no. 15 at 9:26—10:5.) The agreement's language precludes the interpretation Torres-Valencia proposes. It contemplates issuance of an order of removal by either of two executive offices, and acknowledges that Torres-Valencia will be removed when that order is issued. Torres-Valencia argues that removal does not require the government to deport him, but this is beside the point. The

language makes clear the government intends to deport him. It also makes clear that a judge would not be deciding the issue. Torres-Valencia's declaration deals with his and his family's understanding earlier in the process. As to his understanding when he was presented with the plea agreement and signed it, the declarations are silent, although the response claims that Torres-Valencia was misadvised shortly before the plea was taken.[2]

The response also offers the explanation that Torres-Valencia did not file a petition earlier because he was fighting deportation before the Board of Immigration Appeals. It vaguely says he appropriately waited until he suffered a final order of removal by the Board of Immigration Appeals. It does not identify any prompt action he took in pursuing this petition. Although the response raises the deportation proceedings as leading to the delay in filing the petition, it includes almost no details about the proceedings. It does not, for example, say when the proceedings began or what the results were. Commonly, the initiation of proceedings will put a defendant on inquiry notice of the likelihood of deportation. *See United States v. Cazarez-Santos*, 655 Fed. Appx. 543, 545–46 (9th Cir. 2016) (holding that limitations period on ineffective assistance of counsel under *Padilla v. Kentucky* began running when petitioner was served with notice to appear).

The response also discusses the voluntariness of waiver of appeal and collateral attack, which the Court did not ask about. But since he has raised the issue, he must explain why he filed no § 2255 motion asserting ineffective

---

[2] The moving papers also focus on what Torres-Valencia's daughter was told and what she thought. But a criminal defendant's family or relatives have no right to counsel, competent or otherwise. *Texas v.* Cobb, 532 U.S. 162—67 (2001) (right to counsel is personal to the defendant). Nor does a defendant have the right to informed advice from non-lawyers, such as family members. While misadvice to Torres-Valencia's daughter or other family members might indirectly suggest what Torres-Valencia himself was told, it is not grounds for relief.

assistance of counsel, in light of his current assertion that he did not waive collateral attack. Torres-Valencia was sentenced to five years' probation and therefore "in custody" for § 2255 purposes until around April of 2017. *See United States v. Reves*, 774 F.3d 562, 565 (9th Cir. 2014) (holding that § 2255 petitioner was no longer in custody after his probation expired); *United States v. Span*, 75 F.3d 1383, 1386 n.5 (9th Cir. 1996) ("The Spans' sentences of probation meet the 'in custody' requirement for section 2255 jurisdiction.") If, as he now asserts, his waiver of collateral attack in the plea agreement was ineffective, he needs to explain why he did not file a § 2255 motion during the five years he was on probation. *See United States v. Riedl*, 496 F.3d 1003, 1005 (9th Cir. 2007) (petitioner was not entitled to the "'extraordinary remedy' of coram nobis relief" where he had failed to show a valid reason for failing to raise his claim through a § 2255 motion).

No later than **21 calendar days from the date this order is issued**, Torres-Valencia must supplement his response with a brief addressing these issues, and attaching properly authenticated supporting exhibits. Not counting exhibits, his brief must not be longer than fifteen pages. His brief must specifically state when he was served with notice, and what the results at each stage of proceedings were, including any reasoning or explanation. If feasible, he should provide copies of relevant documents, but at the very least he should provide a summary. In light of the fact that his removal was apparently suspended for medical reasons, he must also explain whether he continues to be allowed to remain in the U.S. for medical reasons, and what the status of his pending removal is. And he must explain why he did not raise any claims in a § 2255 motion earlier.

Torres-Valencia is reminded that, as the party seeking to set aside his conviction, he bears the burden of showing he is entitled to relief. *See Strickland*

///

///

*v. Washington*, 466 U.S. 668, 687 (1984). If he needs more time to comply, he should seek it by joint motion or *ex parte* motion.

**IT IS SO ORDERED**.

Dated: September 21, 2018

_____
Hon. Larry Alan Burns
United States District Judge